Good afternoon, Your Honors. My name is Robert Pau, and I'm appearing on behalf of the petitioner Javier Martinez. I would like to reserve two minutes by way of rebuttal. All right. The issue before the Court is a constitutional one. If there's no clear and convincing evidence that Mr. Martinez is a danger to the community, then his continued detention violates due process. Four years ago, the Board of Immigration Appeals found that Mr. Martinez does constitute a danger to the community based on two prior convictions. Two years ago, this Court held that there's no jurisdiction to review the Board's decision about danger. We present now, in light of Wilkinson, there are two arguments as to why this court does have – habeas court does have jurisdiction over the danger finding. First, Section 1226E does not preclude questions of law. And Wilkinson, the Supreme Court's decision, makes clear that this mixed question is, in fact, a question of law that's reviewable as a question of law. So there is jurisdiction. Counsel, the one distinction, though, from Wilkinson is that 1226E, the return of jurisdiction over questions of law is not statutory. As far as I can tell, it's only from our precedent, the Singh case, I think, Singh v. Barr. So does that make any difference to the analysis? In other words, the legal standard at issue in Wilkinson was a statutory standard, extremely unusual hardship, whereas here it's not a statutory standard. Danger to the community is a judicially created or a constitutional standard. That should not make any difference in terms of the jurisdictional analysis. No, yeah. My question was really on the – it's Singh v. Holder that held that there is jurisdiction, appellate court jurisdiction over questions of law and constitutional law questions, whereas in Wilkinson, what restored jurisdiction was statutory. I just didn't know if that made a difference on how we analyze this question. I do not think that should make any difference. Singh makes clear, as does this Court's decision in Rodriguez v. Marin and in Leonardo v. Crawford, that there's – whether or not the – whether or not there's a statute or the Court's interpretation, there's still jurisdiction. So, yeah, that should not make a difference with respect to the jurisdictional analysis. What those cases make clear is that where there's a question of law at issue, where there's a mixed question at issue, that's a question of law that the Court has jurisdiction to review. Let's assume that it's a mixed question of law, in fact, and that we do have jurisdiction. Can you tackle the merits? Where was the error in the dangerousness determination? I know that given the passage of time, you'd like to have it sent back, but isn't there a separate procedural mechanism to try to get him a bond hearing? Well, theoretically, we could start over at ground zero and file another application. I guess we'd have to go to the district court. But we would suggest it's much more economical. Rather than having us file a whole new lawsuit, it's to remand this case back to the district court for a determination based on the current conditions. What's the basis of that? Well, I mean, the Court has jurisdiction, first of all. There has been a passage of time. You know, this Court certainly has the authority to send the case back to the district court for a determination based on current conditions. Wouldn't that require a brand-new constitutional analysis? Because I think the hearing here was provided because of Singh. After six months, you're required to have a hearing. But I don't think any other case has said after that a due process requires another hearing. Well, yeah, that's a separate question, is whether due process would require a separate lawsuit seeking a second hearing. But, again, I mean, it's perfectly within this Court's authority to send the case back for a determination by the district court based on current conditions, whether or not Mr. Martinez is a danger to the community. And if we don't do that, and if we're just reviewing the district court's decision, reviewing the board's assessment on the record before it, what is the standard of review that we would apply or that I guess the district court should apply to the board's dangerousness finding? Yes. So Wilkinson addresses in part this question about what an appropriate standard of review is where there's a mixed question at issue. And Wilkinson indicates that not all mixed questions are alike and indeed suggests that where the mixed question is heavily fact involvement or there's a heavy factual component, that normally that suggests a discretionary standard of review. I would point out an important gloss on that, though. Wilkinson relies on the Supreme Court's decision in U.S. Bank v. Lake Ridge. Very important. In that case, the Supreme Court indicated in footnote 4 that, yeah, normally where there's a heavy fact component, a mixed question would involve a deferential standard of review normally. But footnote 4 makes clear that's not always the case. And in particular, where there's a constitutional dimension, the calculus changes. And there in footnote 4, the Supreme Court cites several other cases in which there's a constitutional standard at play in the mixed question. The Ornelas case, for example, which is cited in our brief, which involves the ---- You just recently provided the 20HA letter on ZIA, which did say that that would require a deferential standard of review. That's correct. But shouldn't we follow ZIA? But ZIA is a ---- it's not a constitutional standard. That's a good-faith ---- whether there's a good-faith marriage, which is a statutory standard, not a ---- it's not a constitutional ---- But why is this a constitutional standard? We're just assessing whether or not he's dangerous or not. Yeah, no, well, danger ---- yeah, the danger analysis, that's a mixed question involving a constitutional standard. Why is it a constitutional ---- I thought what the board ---- the board, is it Henry Guerra that sets out a bunch of factors governing detention? Isn't that the law that the board was applying here? Because there's a number of different factors that are considered. Right. But that clearly does not make the issue discretionary, right? Well, no, I'm not suggesting it's discretionary. I guess I'm suggesting that the governing law ---- I mean, your theory of how we get to review this is that it's a mixed question of law, in fact, because it's the application of this legal standard. And what I'm saying is that the legal standard seems to me to come from decisions of the board, and therefore that would be ---- suggest a sort of independent reason as a matter of administrative law why we might provide some deference to the board's understanding of what that legal standard is. So am I wrong to think of it that way? No, I don't think ---- I think that is wrong because where there's a constitution ---- so the issue here, danger to the community, that has implications for whether or not the constitution is violated or not, right? I mean, the court has held that if there's not clear and convincing evidence of danger, then the continued detention violates due process. So that standard is really crucial in determining whether or not there's a constitutional violation. Why isn't it just two separate questions, one, whether he's dangerous, and then two, if he's not dangerous, then the detention then is unconstitutional? Right, yeah. So why can't we, when we review dangerousness, why can't we apply the deferential standard review? Yeah, well, that's ---- I mean, I think the Supreme ---- and the cases that are cited in that footnote four in the U.S. Bank case make that ---- explain why. Where it says where there's a constitutional issue at stake, the calculus changes. It's not deferential, but the de novo review is crucial in the constitutional context. And the rationale that the court gives for that I think is very important to understand. In the Ornelas case, for example, the reason why de novo review is important is because ---- is so that the court can maintain control over that legal standard and how that's applied in particular contexts. Can I ask a question? When the district court here or the magistrate judge applied the de novo review, the district court also said that questions of fact are reviewed for clear error. But wouldn't that be precluded by 1226E? Shouldn't ---- can't we not review factual questions? Well, first of all, of course, in this case, the facts are undisputed. Right? So that doesn't really come into play in this particular case. But don't you think we should set out ---- if we're going to say we should set out what the standard review is in these type of cases? Well, the other ---- our other argument is that Section 1226E does not really apply in this case. Well, besides that. Yeah. I mean, if it does, then, yeah, I mean, I don't think the court needs to reach that issue. But if it did, I would argue that where there ---- if it's really a constitutional issue at play, that the facts should be reviewed, maybe under a deferential standard, clear standard, clear error standard. But, again, I don't think the court needs to get to that issue in this particular case because the facts are not ---- All right. Sure. Our questions took you over time, but that's fine. I have a quick question for you. I'll give you two minutes back, I promise. And then Judge Miller also has a question for you as well. So he's been in ICE custody since 2018, right? That's for more than six and a half years. Is he still in ICE custody right now? Yes. Have there been any attempts to get him a bond hearing through the immigration process? Not since this case has been filed. No, there haven't been. So you alluded to your argument that 1226E doesn't apply at all, and I just want to make sure I understand that. I mean, I understand that the bond hearing is a product of our decision in Singh rather than the statute itself, but it still seems like what the Attorney General is doing in the bond hearing is making a judgment about whether he will be detained, and 1226C provides for his detention. So why isn't that a judgment regarding the application of this section?  So the bond hearing, you know, is not under Section 1226. You know, what's at play, I guess, is the district court's order that the prolonged detention violates the Constitution or may violate the Constitution. So when the district court sent that back to the agency for determination, the district court didn't, you know, could have made its own independent determination. But for a matter of convenience, I guess, as is typical, the district court sent the case back for a bond hearing, but not a bond hearing under Section 1226. That's a bond hearing held for purposes of the constitutional analysis. If that was a bond hearing held under Section 1226 and 1226 is applied, you know, then the statute says he's not eligible for bond. And so I think the answer to your question is that the bond hearing here is not a what we might call an ordinary bond hearing, the one held under Section 1226, but it's specifically a hearing held for constitutional purposes. So the decision made by the immigration judge is not made one applying. Isn't it kind of odd, though? I mean, Congress said, you know, you get hearings in a limited set of circumstances, not including this one. And they also said, you know, when you do, like the, you know, we want very limited review of it, and we have this sort of atextual exception where there's a hearing, and then because that's not provided in the text, we say, well, no, we also don't apply. What Congress clearly intended was the hearings that did take place would have very limited review. It seems kind of perverse. I think this court's decision in Leonardo v. Crawford directly answers your question, because in Leonardo v. Crawford, it's exactly on all fours with this case. The petitioner in that case was challenging a prolonged, a danger decision made by the immigration judge. It was a prolonged detention case in which the district court said the immigration judge has to decide whether or not there's a danger to the community. And in that case, this court held that, yeah, the court has jurisdiction, and Section 1226E does not take jurisdiction away from regarding that due process constitutional hearing. Thank you. All right. Thank you, counsel.  Good afternoon. This is Dana Camilleri for the respondents. The panel's prior decision finding that there was no jurisdiction to review what happens at the bond hearing after it was remanded from the district court was correct, and Wilkinson does nothing to change that analysis. In fact, Wilkinson actually buttresses and reemphasizes that discretionary decisions, such as where the agency here is looking at equities to see whether he should be released or not, are not reviewable. And 1226E absolutely applies in this situation. It's not disputed that he's mandatorily detained, and that authority came from 1226C. In 1226E, clearly Congress intended that this should not be a reviewable determination. He got his bond hearing. The agency weighed what was before, made the value judgments, which this court articulated in its first decision. And that is discretionary. There is no legal standard to apply. There's nothing in the statute. It does come from a matter of WERA, which was a board decision. Couldn't something be both discretionary and then a mixed question of law and fact? Not really. I'm trying to imagine that, because hardship — Because this actually might be that case. I kind of agree with you, obviously, that dangerousness is discretionary, but it's also a mixed question — it could also be a mixed question of law and fact, under which Wilkinson clearly says that we have jurisdiction over. So I think there are really important distinctions between hardship determination and what we're looking at here, which is effectively balancing all these equities. WERA talks very clearly about how an immigration judge should use their judgment in weighing these various factors, including dangerousness. Isn't that the same for hardship? No, Your Honor, because the hardship actually comes from the statutory exceptional and extremely unusual hardship. And additionally, you're not really balancing equities. The IJ is looking to see what the result of removal will be to the qualifying relatives. And so we would argue that there is a distinction now, post-Wilkinson, but that this still falls under discretionary. Is the distinction that it's a balancing test? Because otherwise, I mean, I get that one is statutory and one comes from board of governors, but in both, like, you have to look at a bunch of factors and, like, apply law to facts, which seems to be the feature that Wilkinson thought was important, and that's equally present here. So why is it different? Well, from our view, there are two important distinctions. One, none of these terms are in the statute. We also have 1226E, which is a specific carve-out, also not present for the hardship. Oh, but even, like, in Gasparillo's equitable estoppel, right, I doubt that that was in the statute either. That's correct. But I think this Court already found whether Guerrero-Lasprio applied, and it should still find that it does not, as we talked about in our supplemental briefing. However, the other important distinction here is that there is no – when the agency is doing the bond determination, it's not mandatory that someone needs to be released. This is a mandatorily detained noncitizen. And what we are arguing is that Congress pretty clearly intended that things that happen at the bond hearing are not reviewable, because that is just an IJ using their judgment. In the first panel decision, there's a very good breakdown on how you could go either way. He's had some rehabilitation in jail and had some – he's had success staying clean, but he also has these two major drug trafficking felonies. I mean, that's my problem with this, is that the second sentence of 1226E says that no court shall – I forget the language – but set aside the decision of the Attorney General regarding the sentence, regarding this section. But if we were to find there was no dangerous, that he was not dangerous, then presumably he would be let go, correct? And so I don't know how we square that with the direct statutory command not to set aside a decision of the Attorney General. Yes, Your Honor. That is part of our argument, that they're – Yeah, I guess the problem – Yeah, I think the problem is really Singh v. Holder, which kind of puts us in this conundrum which asks us to violate the statute, essentially, and I just don't know what we're supposed to do with that. The district court initially – this predates my involvement in this case – but they initially granted and sent it back down for the bond hearing. He's had that bond hearing, and we don't think that what happened there is reviewable because it is so discretionary and it is up to the DHS and the agency to determine whether a noncitizen should be detained or not. And you're not challenging the idea that under Singh he was indeed entitled to a bond hearing and that Singh – you haven't challenged the continuing validity of Singh as it relates to this case, have you? No. He was ordered to have a bond hearing. He was given that bond hearing. He was provided the opportunity to present his evidence, and the immigration judge – I don't know if you're positioned to answer. Does the United States think that Singh is correctly decided? We're not challenging Singh. What is the status of his immigration proceedings given the passage of time? Do you know where he's at in the process, where his merits case is at? Yes, Your Honor. His merits case, I believe, is before the board, but that is probably a better question for opposing counsel. It was remanded, as Judge Boutet knows, to make a determination on CAT and administrative closure. Assuming that we do have jurisdiction over, what should be the standard of our review of the dangerousness determination? We think, as I pointed out in the 28-J, that under Zia, and it should be incredibly deferential, probably abuse of discretion. That's my question. What is deferential? I forget what Zia used, but he used – suggests a more deferential standard, so maybe abuse of discretion. Right. And as of today, no circuit courts, if you did decide that this is exactly like hardship, which, again, we don't agree with, but no circuit courts have actually determined what that standard of review will be. You mentioned administrative closure. When did that come up? That came up in his first proceedings, and it was – I'm trying to remember now. It was rejected, and we made a futility argument before this court, which was not successful. And then just back on the standard, if – the district court applied a clearly erroneous standard to questions of fact. Does the United States think that we can't review questions of fact? Under Patel, we think that there's – I mean, I do agree with Bob that there's – It's not like the – I'm sorry, opposing counsel. I'm sorry. We've been on this case for so many years. I'm glad to hear you guys on a first-name basis, actually. I'm sorry. That's nice to see. We've had a lot of communications over the years. But I agree that we don't really have disputed facts necessarily. It's just how the decision-maker views those facts. How does the passage of time tie into the analysis, if at all? I mean, at the same time, we've got the record, but we're also very cognizant of the fact that years have passed now. Well, I mean, he does still have – he still clearly falls under 1226C. They have the authority to detain him, and in fact Congress has mandated that based on his convictions he should be. That hasn't changed. Well, counsel thinks it's relevant and requested a remand for reconsideration. What is your view on that? I don't think there's – that should not happen. There should be a decision based on supplemental briefing and our prior briefing from this court, but not a remand in order to redo these proceedings. It's not – the government hasn't been dragging this out by any means. Any additional questions? Would you like to cede the rest of your time back? I will. Thank you very much. Thank you. Yes, just a couple points, two points to follow up. First, with respect to the question about whether a mixed question might be partly discretionary and partly mixed question, even if in some sense there is a, quote, discretionary component or some fluidity in the concept, I think Wilkinson makes clear that even if it's, quote, discretionary in that sense, there's still a question of law. Wilkinson specifically says, and I'm just quoting from Wilkinson's here, that petitions raising mixed questions of law, in fact, are always, it says always reviewable as a question of law. So, again, even if there's some discretionary component there, Wilkinson says this is always reviewable as a question of law. So it's not a binary discretionary versus mixed question law, in fact? Well, there is a discretionary, I think in a legal sense, discretionary decision. For example, in Wilkinson, that second, after you get over the threshold issues, there is a second discretion, which is truly in a legal sense discretionary. There's no legal standards that apply at that stage. The cancellation part, you mean? Yes, yes. So, yes, that's correct. The second point I would make is, yes, as the court has noticed, Mr. Martinez has been in detention for six and a half years now. That's a very long time for immigration detention. We're back at square one. The case has been remanded for a new hearing on the merits of his claim for relief. So we just ask that, you know, if the court is going to remand, that that can be done promptly so that the ‑‑I think it is, it seems to me, an easy question whether or not the court has jurisdiction. That's quite clear in light of Wilkinson. Maybe there are some issues about the appropriate standard of review, but that can be sent back to the district court, and that can be dealt with there, at least so we get this moving on and have a prompt decision. I understand that, you know, sometimes it's important for the court to look at an issue carefully, and a decision might not come out for several months, and that's understandable, but the other thing I would point out is that, you know, this court does have authority to release Mr. Martinez under certain conditions, the Nadaraja case, for example, where this court did that. It released, ordered that the individual be released. That was done, what, 11 years ago by Judge Lasnik in the district court. Mr. Martinez, after he was sentenced, was allowed no violations. In fact, he reported, self-reported into the prison to begin his prison sentence. He's clearly, I would submit, clearly willing to comply with court's orders, and, yes, he's been in six and a half years, and, you know, we request that one way or another that we get a prompt resolution. All right, thank you very much, counsel, to both sides for your argument. The matter is submitted. Thank you. All right, Richard. All rise.
judges: NGUYEN, MILLER, BUMATAY